# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:19-cv-01874_____

SAVANNAH SHULMAN,

   Plaintiff,

v.

MACHOL & JOHANNES, LLC,

   Defendant.

## COMPLAINT

NOW COMES Plaintiff, SAVANNAH SHULMAN, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, MACHOL & JOHANNES, LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. SAVANNAH SHULMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MACHOL & JOHANNES, LLC ("Defendant") is a domestic limited liability company with its primary place of business in Denver, Colorado.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff applied for and was approved for a Capital One Bank (USA), N.A. credit card.

9. Sometime thereafter, $2,639.08 in various personal charges were made on this account.

10. Plaintiff's $2,639.08 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. On or before May 30, 2019, Capital One Bank (USA), N.A. referred Plaintiff's account for resolution.

12. On May 30, 2019 Defendant sent a collection letter to Plaintiff.

13. The letter was printed on Defendant's letterhead, but it was not signed.

14. The letterhead states:

**Jacques Machol, III*  Randall Johannes*ᵗ※**
*Licensed in CO  ᵗLicensed in WA  ※Licensed in OR

Representing that Defendant was licensed to practice in these jurisdictions.

15. The front of the letter states:

This law firm has been retained by CAPITAL ONE BANK (USA), N.A. for resolution of the above-listed account. According to CAPITAL ONE BANK (USA), N.A., you have an outstanding amount in the amount shown above.

Payment relating to this account may be made to our firm in the form of a cashier's check, money order, or personal check made payable to CAPITAL ONE BANK

(USA), N.A., referencing account number 50870521. If you prefer to make payment by debit car, or for further information about this account, you may call us toll free at (866) 729-3326.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.**

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

**NOTICE: SEE SECOND PAGE OF THIS LETTER FOR ADDITIONAL IMPORTANT INFORMATION.**

16.     On the back, the letter states, in the same font and typeface as the text on the front:

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR

Please understand that no lawsuit has been filed against you and no decision has been made to file any such suit. This firm only sues in states where an attorney of this firm is licensed. Moreover, because we have made no determination that a law suit may be initiated to collect this account, this letter should not be construed as a threat of suit by the current creditor, as no such decision has been made by the current creditor.

| | |
|---|---|
| MACHOL & JOHANNES, LLC<br>866/729-3328 | Colorado Office:<br>700 17th Street, Suite 200<br>Denver, CO 80202-3502 |

17. Defendant's deceptive communication, created false sense of urgency – as Plaintiff was led to believe that collection proceedings were imminent – causing anxiety.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

19. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

15 U.S.C. § 1692e(3).

20. Defendant's letter is deceptive in that Defendant pretended to be a law firm with a lawyer handling collection of Plaintiff's account when in fact no lawyer was handling Plaintiff's account or actively handling the file; therefore violating 15 U.S.C. § 1692e(3).

21. Here, Defendant was acting as a debt collection agency that uses the imprimatur of a law firm to intimidate debtors into paying their debts.

22. "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer to the attorney, who

is better positioned to get the debtor's knees knocking." *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996).

23. A letter from a lawyer implies that the lawyer has become involved in the debt collection process, and the fear of a lawsuit is likely to intimidate most consumers.

24. "Thus, if a debt collector (attorney or otherwise) wants to take advantage of the special connotation of the word 'attorney' in the minds of delinquent consumer debtors to better effect collection of the debt, the debtor collector should at least ensure that an attorney has become professionally involved in the debtor's file." *Id*.

25. In the alternative, a lawyer acting as a debt collector must notify the consumer, through a clear and prominent disclaimer in the letter, that the lawyer is wearing a "debt collector" hat and not a "lawyer" hat when sending out the letter. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 361-62 (2d. Cir. 2005).

26. On the back, the letter simply indicated that "no decision has been made to file any such suit." This disclaimer simply is not *effective*.

27. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(3) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692e(3);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 27, 2019                               Respectfully submitted,

                                                                 **SAVANNAH SHULMAN**

                                                                 By: */s/ Joseph S. Davidson*

                                                                 Joseph S. Davidson
                                                                 Mohammed O. Badwan
                                                                 **SULAIMAN LAW GROUP, LTD.**
                                                                 2500 South Highland Avenue
                                                                 Suite 200
                                                                 Lombard, Illinois 60148
                                                                 +1 630-575-8181
                                                                 jdavidson@sulaimanlaw.com
                                                                 mbadwan@sulaimanlaw.com